IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:15-CV-00216-FL

TOYA WILSON and HARRY SMITH, )
)
Plaintiffs, )
) **ORDER AND**
v. ) **MEMORANDUM AND**
) **RECOMMENDATION**
LNV CORPORATION, *a.k.a. Daniel Andrew* )
*Beak*, and DOES 1 THROUGH 10, )
)
Defendants. )

This matter is before the court on Plaintiffs Toya Wilson and Harry Smith's application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915, which permits an indigent litigant to commence suit in federal court without paying administration costs associated with such proceedings. [DE-1]. As an initial matter, although Harry Smith's name is on the instant IFP application, he failed to sign it. Smith must pay the filing fee or submit a signed IFP application by no later than **November 5, 2015**, and a failure to do so will result in his removal as a Plaintiff in this action.[1] Additionally, the summons [DE-1-4] submitted by Plaintiffs is deficient in that it is directed to counsel rather than Defendant and must be resubmitted no later than **November 5, 2015**. Upon consideration of Wilson's IFP application, it is recommended that her motion be denied.[2]

---

[1] Harry Smith was dismissed from a prior action in this court for failure to prosecute, where he did not pay the filing fee or move to proceed IFP. *Wilson v. LNV Corp.*, No. 7:14-CV-145-FL, Nov. 17, 2014 Order [DE-24].

[2] A magistrate judge, proceeding under 28 U.S.C. § 636(b), lacks authority to deny an application to proceed *in forma pauperis* and may only issue a recommendation to the district court. *Hunter v. Roventini*, No. 14-2259, 2015 WL 3483102, at *1 (4th Cir. June 3, 2015) (unpublished) (citing *Woods v. Dahlberg*, 894 F.2d 187, 187 (6th Cir. 1990) (per curiam) ("[A] denial of such a motion is the functional equivalent of an involuntary dismissal and is outside the scope of a magistrate's authority.")).

A litigant may commence an action IFP in federal court by filing an affidavit in good faith containing a statement of assets and demonstrating an inability to pay the required fees of the lawsuit. *See* 28 U.S.C. § 1915(a)(1). The IFP statute is intended to ensure that indigent persons have equal access to the judicial system by allowing them "to proceed without having to advance the fees and costs associated with litigation." *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981). However, "proceeding [IFP] in a civil case is a privilege or favor granted by the government." *White v. Barnhart*, Nos. 1:02-CV-556, 1:02-CV-557, 2002 WL 1760980, at *1 (M.D.N.C. July 30, 2002) (unpublished). In ruling on an IFP application, the court is required to exercise discretion in determining whether to grant or deny the application. *Id.* In *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the Supreme Court first set forth the standard for granting IFP status: "[w]e think an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339 (internal quotations omitted). In exercising its discretion, the court is to be mindful that the ability to pay does not require that a plaintiff prove that he is "absolutely destitute." *Id.*

Plaintiff Wilson was previously granted IFP status by this court in the case of *Wilson v. LNV Corp.*, No. 7:14-CV-145-FL, Sept. 4, 2014 Order [DE-4]. At that time Wilson had minimal income, her spouse was unemployed, and their monthly collective income, including some unemployment benefits, was less than their monthly expenses. *Id.* However, the current IFP application indicates Wilson's financial circumstances have changed. IFP Application [DE-1]. Wilson and her spouse are both employed and collectively earn $4,100 in monthly income with disposable income remaining after expenses. *Id.* at 1-5. Although Wilson indicates her spouse just filed for short term disability due to health, she has indicated an expected monthly income of $2,300 for her spouse next

2

month. *Id.* at 1-2, 5. Wilson and her spouse also have cash and money in bank accounts that is more than sufficient to pay the filing fee. *Id.* at 2.

Although Wilson asserts she is unable to pay the costs of these proceedings, the Court notes that the "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without [a] legal remedy if such privilege were not afforded to them." *Brewster v. N. A. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Based on the information provided by Wilson regarding her current financial status, she has failed to demonstrate sufficient evidence indicating that payment of the required court costs would deprive her or her family of the "necessities of life." *See Adkins*, 355 U.S. at 339. Accordingly, it is recommended that Wilson's application to proceed IFP be denied and that Wilson be required to tender to the clerk the filing and administrative fees of $400.00.

IT IS DIRECTED that a copy of this Order and Memorandum and Recommendation be served on Plaintiffs. You shall have until **November 9, 2015** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and**

Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

SO ORDERED AND SUBMITTED, this the 21 day of October 2015.

Robert B. Jones, Jr.
United States Magistrate Judge