IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:15-CV-216-FL

| | |
|---|---|
| TOYA WILSON and HARRY SMITH, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| LNV CORPORATION aka Daniel ) | |
| Andrew "Andy" Beal, and DOES 1 ) | |
| THROUGH 10, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the court on plaintiffs' motions to proceed in forma pauperis under 28 U.S.C. § 1915 (DE 1; DE 12). On October 21, 2015, United States Magistrate Judge Robert B. Jones, Jr., entered Memorandum and Recommendation ("M&R"), wherein it is recommended that plaintiff Toya Wilson's motion to proceed in forma pauperis be denied. Plaintiff Toya Wilson filed an objection to the M&R. Also pending are plaintiffs' motions for judicial notice and for reassignment (DE 7, DE 10). In addition, this matter is before the court on frivolity review pursuant to 28 U.S.C. § 1915(e)(2).

**BACKGROUND**

Plaintiffs seek monetary and injunctive relief in their proposed complaint filed October 1, 2015, arising out of the foreclosure of their residence at 104 Stoney Creek Lane, Leland, NC 28451. Plaintiffs allege corporate defendant LNV Corporation ("LNV"), through alter-ego individual Daniel Andrew Beal ("Beal"), filed a foreclosure action against plaintiffs' property in North Carolina

Superior court, through deception and fraud, causing the court to enter an order of foreclosure against their property. Plaintiffs claim a violation of their federal constitutional rights under 42 U.S.C. § 1983 and 42 U.S.C. § 1985; violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1601 et seq.; and violations of several criminal statutes, including 18 U.S.C. §§ 4, 371, 459, 1957, 1961, and 3663A.

Plaintiffs previously brought an action against defendant in forma pauperis in this district, arising out of the asserted collection of their mortgage debt, which the court dismissed on February 23, 2015, for failure to state a claim upon which relief could be granted. See Wilson v. LNV Corporation et al., 7:14-CV-145-FL (Order, Feb. 23 2015).

## DISCUSSION

A.    Standard of Review

A litigant may commence an action in forma pauperis in federal court, without prepayment of fees or security therefor, upon submission of "an affidavit that includes a statement of all assets such [litigant] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that – (A) the allegation of poverty is untrue; or (B) the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).

A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a

2

reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556. Furthermore, the complaint need not set forth "detailed factual allegations," but instead must simply "plead sufficient facts to allow a court, drawing on 'judicial experience and common sense,' to infer 'more than the mere possibility of misconduct.'"(quoting Iqbal, 556 U.S. at 679).

In evaluating the complaint, the "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). Similarly, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

B. Analysis

1. Motion for reassignment

Plaintiffs object to reassignment of this action from the judge originally assigned to the undersigned, asserting that such reassignment was based upon ex parte communication from defendant LNV. Contrary to plaintiff's assertion, the case was reassigned by the clerk of court, on October 6, 2015, at the direction of the court, for the continued efficient administration of justice. Plaintiffs suggest that recusal of the undersigned is warranted because the undersigned judge presided over plaintiffs' prior case in this district. Prior ruling by a judge, however, does not create a basis for recusal. To the contrary, efficiencies accrue from assigning the present case to the judge that presided over plaintiffs' prior case. Therefore, plaintiffs' motion for reassignment is DENIED.

3

2. Motions to Proceed In Forma Pauperis

Section 1915(a) vests in the courts the discretion to decide whether to grant in forma pauperis status. See Blakely v. Wards, 738 F.3d 607, 612 (4th Cir. 2013). Generally, "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). One need not "be absolutely destitute to enjoy the benefit of the statute." Id. Nevertheless, "[o]ne who makes this affidavit exposes himself to the pains of perjury in a case of bad faith, . . . a sanction important in protection of the public against a false or fraudulent invocation of the statute's benefits." Id. The statute also allows dismissal of an action at any time "if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

In this case, plaintiffs have filed affidavits of poverty which include unexplained inconsistencies. In particular, plaintiffs, who represent to be spouses, filed affidavits on October 1, 2015 and November 5, 2015, respectively. Plaintiff Wilson filed an affidavit on October 1, 2015, listing their vehicle assets as a 2008 Buick Enclave, valued at $28,000, and 2009 Chevy Impala valued at $11,000, and listing their home value at $185,000. One month later, on November 5, 2015, after the magistrate judge recommended dismissal for failure to demonstrate in forma pauperis status, plaintiff Harry Smith filed an affidavit, representing their vehicle assets as a 2008 Buick Enclave, valued at $15,000, and 2009 Chevy Impala valued at $8500, with home valued at $164,000, significant reductions from just one month earlier.

While plaintiffs contend a loss of income and increase in expenses in the intervening time due to medical expenses, they do not explain the discrepancies in asset valuation. While the court

4

credits at this time plaintiff Smith's affidavit as a current representation of plaintiffs' assets and financial status, the court notes a word of caution in the event of future filings. Although the court does not have a record before it sufficient to make findings of falsity regarding the statements on plaintiffs' applications, the court cautions plaintiffs that making misrepresentations in documents filed with the court is a serious matter, and could subject them to sanctions if they are found to have abused the judicial system with some other filing.

In sum, on the present record, the court GRANTS plaintiffs' motions to proceed in forma pauperis, and the court proceeds with frivolity review of plaintiffs' complaint.

3.  Frivolity Review

In Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), the United States Supreme Court held that a litigant who lost in state court could not seek review of the state court judgment in a federal district court. Id. at 415–16. In District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), the Court reaffirmed the basic rule laid down in Rooker, and further concluded that federal district courts do not have subject matter jurisdiction over claims the state court did not directly decide, but that are nevertheless "inextricably intertwined" with a state court decision. Id. at 486–87; see also Plyler v. Moore, 129 F.3d 728, 731 (4th Cir.1997). Together, these cases formulate the "Rooker-Feldman doctrine" as a limitation on the subject matter jurisdiction of federal district courts. See Plyler, 129 F.3d at 731.

The Rooker-Feldman doctrine bars claims "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); see also Washington v. Wilmore, 407 F.3d 274, 279

(4th Cir.2005). The doctrine encompasses "not only review of adjudications of the state's highest court, but also the decisions of its lower courts." Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 199 (4th Cir.2000) (citation and internal quotation marks omitted). Rooker–Feldman "reinforces the important principle that review of state court decisions must be made to the state appellate courts, and eventually to the Supreme Court, not by federal district courts or courts of appeal." Id.

Thus, the Rooker–Feldman doctrine is particularly relevant when there is a means of appeal provided by the state. See Washington, 407 F.3d at 280. Here, Chapter 45 of the North Carolina General Statutes provides for an appeal of an order allowing a foreclosure sale. See N.C. Gen.Stat. § 45–21.16(d1). The appeal must be taken within ten days of the order allowing foreclosure. Id. In sum, the Rooker-Feldman doctrine "preserves federalism by ensuring respect for the finality of state court judgments." Washington, 407 F.3d at 279.

The Rooker-Feldman doctrine does not supplant ordinary preclusion principles. See Exxon Mobil Corp., 544 U.S. at 284. The doctrine does not "stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court." Id. at 293. "If a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." Id. (internal quotation marks omitted). Accordingly, the Rooker-Feldman analysis centers on "whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself." Davani v. Va. Dep't of Transp., 434 F.3d 712, 713 (4th Cir. 2006).

6

In this case, plaintiffs seek relief for an injury caused by the state court foreclosure action. In particular, plaintiffs assert the following in support of their first claim for relief:

> Defendant LNV/Beal willfully brought this foreclosure action against Plaintiff's [sic] knowing LNV/Beal lacked standing, and knowing that the General Court of Justice Superior Court Division of North Carolina would rubberstamp its false documents as genuine and grant Defendant LNV/Beal and [sic] order of foreclosure, which it did. Defendant LNV/Beal willfully committed fraud upon a court with intent to deceive the court and to deprive Plaintiffs of their property under color of law.

(DE 1-1 at 4). In this manner, plaintiffs assert that the state court foreclosure action was a sham with state court judgment procured through fraud of the court. Accordingly, plaintiffs' first claim which seeks redress for such injury is barred by the Rooker-Feldman doctrine.

Plaintiffs' second claim for relief similarly asserts that the foreclosure action was a sham with state court judgment procured through fraud and unconstitutional procedures:

> The unconstitutional manner in which Plaintiffs case was handled by the General Court of Justice Superior Court Division of North Carolina prevented Plaintiffs from presented [sic] their case to thwart Defendant LNV/Beal's unlawful foreclosure of their property. In lieu of suing the State of North Carolina Plaintiffs challenge the constitutionality of the body of North Carolina law regulating foreclosures and evictions stemming from foreclosures in their Notice of Constitutional Questions.

(DE 1-1 at 5). Therefore, plaintiffs' second claim, which challenges the constitutionality of the state court foreclosure action and judgment, is barred by the Rooker/Feldman doctrine. Plaintiffs' related motion for judicial notice of information regarding Lorraine Brown, alleged "co-conspirator" of defendant Andrew Beal, (DE 7), is denied as moot.

Finally, plaintiffs' third claim for relief similarly seeks redress for asserted injuries incurred as a result of the state court foreclosure action. Plaintiffs claim that "LNV/Beal as evidenced by its foreclosure complaint against Plaintiffs is attempting to enforce a promissory note to a mortgage contract via fraudulent assignment of DOT." (DE 1-1 at 6). Plaintiffs assert that "[t]his document

7

title 'WRITTEN CONSENT OF THE SOLE DIRECTOR OF LNV CORPORATION' was submitted by Defendant LNV/Beal in the General Court of Justice Superior Court Division of North Carolina foreclosure case LNV/Beal against Plaintiffs." (Id.). Plaintiffs assert that defendant "willfully use[d] altered and forged notes, allonges to notes, and assignments of deed trust or motgages, which LNV/Beal knows are forged, and then LNV/Beal willfully submit[ted] such forgeries to courts as genuine, knowing these courts will rely on them as being genuine, with intent to deprive Plaintiffs and numerous other LNV/Beal victims of their property . . . ." (Id.).

The court's lack of subject matter jurisdiction over such claims is well established. See Smalley v. Shapiro & Burson, LLP, 526 Fed. App'x (4th Cir. 2013) (affirming dismissal under Rooker-Feldman doctrine of action asserting FDCPA and RICO claims based upon asserted defects in foreclosure proceeding in state court); Brady v. PNC Bank, N.A., No. 4:15-CV-30-FL, 2015 WL 4092822, at *3 (E.D.N.C. July 7, 2015) (holding that Rooker-Feldman doctrine bars claims suggesting defendant bank committed fraud and violated FDCPA by proceeding to foreclosure sale without valid possession of note); Earquhart v. Witlatch, No. 5:14-CV-248-FL, 2015 WL 965817, at *2 (E.D.N.C. Mar. 4, 2015) (holding that Rooker-Feldman bars civil rights and statutory claims seeking relief in connection with state court foreclosure judgment, and Younger abstention requires the court to refrain from interference with any further pending state court civil proceedings related to the foreclosure).

In sum, plaintiffs' claims all seek relief for injuries allegedly incurred as a result of the state court foreclosure action. Therefore, plaintiffs' claims are barred by the Rooker-Feldman doctrine, and this court lacks subject matter jurisdiction over this case.

## CONCLUSION

For the foregoing reasons, plaintiffs' motions to proceed in forma pauperis under 28 U.S.C. § 1915 (DE 1; DE 12) are GRANTED. Plaintiffs' motion for reassignment (DE 10) is DENIED. Plaintiffs' motion for judicial notice (DE 7) is DENIED as moot. Upon frivolity review pursuant to 28 U.S.C. § 1915(e)(2), this matter is DISMISSED for lack of subject matter jurisdiction. The clerk is DIRECTED to close this case.

SO ORDERED, this the 17th day of December, 2015.

LOUISE W. FLANAGAN
United States District Judge